IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JERMARIS GOSHA, #29594-001                                                                    PETITIONER

VS.                                                           CIVIL ACTION NO. 3:17cv504-DPJ-FKB

WARDEN UNKNOWN NASH                                                                          RESPONDENT

### REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C. § 2241 by Jermaris Gosha, a federal prisoner incarcerated at the Yazoo City Federal Correctional Complex when he filed the case. Petitioner asserts that he is "actually innocent" and that his conviction violates the double jeopardy clause of the Fifth Amendment. For the reasons set forth below, the undersigned recommends that the petition be dismissed.

On March 22, 2012, Gosha entered a plea of guilty in the United States District Court for the Northern District of Alabama to brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii).[1] *United States v. Gosha*, Criminal Action No. 2:12-cr-30-SLB-JEO-2 (N.D. Ala. Mar. 22, 2012), ECF No. 15. On August 9, 2012, the Northern District of Alabama sentenced Gosha to a term of imprisonment of 84 months, followed by a term of 36 months of supervised release. *Id.* at ECF No. 24.

---

[1] According to his sentencing court, the crime of violence was carjacking. *United States v. Gosha*, Criminal Action No. 2:12-cr-30-SLB-JEO-2 (N.D. Ala. Apr. 10, 2019), ECF No. 36-1 at 1. "Gosha was not charged with carjacking in [the Northern District of Alabama] because he had entered a guilty plea in Alabama state court to a charge of armed robbery arising out of the carjacking at issue in this case." *Id.* at 1-2. Gosha's co-defendant in the federal proceeding was charged with carjacking as well brandishing a firearm during and in relation to a crime of violence. *Id.* at 1.

On October 28, 2016, Gosha filed a motion to vacate, pursuant to 28 U.S.C. § 2255, in his sentencing court. *Id.* at ECF No. 32. In the petition, Gosha argued that the statute under which he was convicted, 18 U.S.C. 924(c), is an enhancement and not a crime. *Id.* He claimed, therefore, that he is innocent and entitled to relief under the United States Supreme Court decisions in *McQuiggin v. Perkins* and *Boykin v. Alabama*. *Id.*; *see McQuiggin*, 569 U.S. 383, 386 (2013)(finding "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] . . . expiration of the [AEDPA's] statute of limitations."); *Boykin*, 395 U.S. 238 (1969)(relating to intelligent and voluntary guilty plea). Gosha also argued that, having been convicted of armed robbery in state court, the federal charge violated his Fifth Amendment rights against double jeopardy.

Gosha signed his initial petition for habeas corpus pursuant to 28 U.S.C. § 2241 on June 19, 2017, and it was filed in this Court on June 27, 2017. *See* [1]. After filing amended petitions, *see* [4] and [9], he filed his memorandum in support of his petition on December 27, 2017. *See* [12]. Gosha makes the same arguments in this Court as he did in his sentencing court. In fact, he presented the same language to his sentencing court that he now presents to this Court. *Compare id.* at 3 *with* ECF No. 32 at 1, *Gosha*, Criminal Action No. 2:12-cr-30-SLB-JEO-2 (N.D. Ala. Oct. 28, 2016).

On April 10, 2019, the Northern District of Alabama denied Gosha's § 2255 motion, finding that he had failed to file the motion within the applicable one-year statute of limitations and had failed to meet the miscarriage of justice exception because he could not prove actual innocence. *See Gosha*, Criminal Action No. 2:12-cr-30-SLB-JEO-2 at ECF No. 36-1. The court reasoned that not only did Gosha admit his factual guilt to the crime of conviction as a part of his

2

plea colloquy and in his Plea Agreement, he failed to present new and reliable evidence that he was actually innocent of the crime of conviction. *Id.* at 5-8. The court also found no merit to his double jeopardy argument. Specifically, the court concluded that the conviction was consistent with the dual sovereignty doctrine, which permits "each sovereign to prosecute the offense against it" and does not offend the double jeopardy clause. *Id.* at 8 (citations omitted).

Generally, the proper vehicle for challenging a federal conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration. *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (errors occurring before or during sentencing should be attacked pursuant to § 2255, not § 2241). A petitioner may nevertheless proceed under § 2241 if his claim falls under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate if a petitioner's claim (1) is based upon a retroactively-applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Gosha argues that he was convicted of a nonexistent offense and that *McQuiggin* allows him to proceed with his petition.

However, since he filed this § 2241 petition, his sentencing court has denied his § 2255 motion to vacate, which presented the same arguments that he now makes in this forum. Gosha's "prior unsuccessful § 2255 motion . . . does not make § 2255 inadequate or ineffective." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000)("[M]erely failing to succeed in a section 2255 motion does not establish the

3

inadequacy or ineffectiveness of the section 2255 remedy."). Gosha's claim does not meet the requirements of the savings clause, and this court is without jurisdiction to consider the petition.

For these reasons, the undersigned recommends that the petition be dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 7th day of April, 2020.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE