IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEMARIS GOSHA, #29594-001                                                              PETITIONER

V.                                                            CIVIL ACTION NO. 3:17-cv-504-DPJ-FKB

WARDEN "UNKNOWN" NASH                                                              RESPONDENT

ORDER

  This habeas corpus petition is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge F. Keith Ball. Judge Ball concluded that the Court lacks jurisdiction over the matter, and Petitioner Jemaris Gosha never filed a response. For the following reasons, the Court adopts the R&R as its opinion.

  Gosha filed his petition under 28 U.S.C. § 2241, invoking the savings clause found in 28 U.S.C. § 2255(e). Judge Ball aptly and accurately explained why Gosha's petition fails to satisfy § 2255(e), and there is no reason to repeat what he said. The Court agrees that it lacks subject-matter jurisdiction.

  In addition, another ground for dismissal now exits. After Judge Ball docketed the R&R, the Clerk of Court mailed a copy to Gosha at the last address Gosha had used on a submission to the Court—FCI Yazoo City, Mississippi. *See* Envelop [19-1] at 1. The R&R was returned as undeliverable. *See* Mail Return [22]. Judge Ball had previously warned Gosha "that his failure to advise the Court of a change of address may result in the dismissal of this case." Oct. 17, 2017 Order [8] at 2. No such notice appears in the docket, and every envelop from Gosha used the Yazoo City address. This was not the first time Gosha failed to follow the Court's orders. *See* Oct. 3, 2017 Show Cause Order [6]; Oct. 16, 2017 Order [8]; Nov. 30, 2017 Show Cause

Order [11].  And on this history, the petition may be dismissed on the alternative ground that Gosha again failed to follow court orders.  *Link v. Wabash R.R.*, 370 U.S. 626, 629–31 (1962).

Nevertheless, the Clerk of Court appears to have obtained another address for Gosha and forwarded the R&R to him at the Federal Bureau of Prisons facility in Beaver, West Virginia.  That occurred on April 21, 2020, and even using this new mailing date, the time to object has now passed, so the R&R may be adopted as unopposed.[1]

For these reasons, the Court adopts the unopposed R&R as the opinion of the Court while noting an alternative basis for dismissal.  Gosha's petition is thus dismissed with prejudice.  A separate judgement will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 15th day of May, 2020.

s/ *Daniel P. Jordan III*<br>CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Assuming Gosha is in West Virginia—or another facility outside this district—"[j]urisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).  In other words, this Court retained jurisdiction after the transfer to consider whether Gosha satisfied § 2255(e)'s savings clause.